UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TREVOR TILLMAN,

                Plaintiff,

    -against-

USPS,

                Defendant.

24-CV-2092 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action against the United States Postal Service. He invokes the Health Insurance Portability and Accountability Act (HIPAA) as the basis for his claims. By order dated March 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The allegations of Plaintiff Trevor Tillman's complaint are sparse. Plaintiff alleges that his claims arose in 2016-2017 at 1000 Westchester Avenue. (ECF 1 at 5.) The entirety of Plaintiff's factual allegations are as follows: "I Trevor Tillman was in a certain diagnosis or depression which caused a personal outcome." (*Id.*)

Plaintiff requests money damages and states that he "was backed up on child support, phone bill, upfront payment of residence, emergency fund, TSP, buyout on all assets, etc." (*Id.* at 6.) Plaintiff indicates, as the basis for his claims, that the USPS violated his rights under the HIPAA.

## DISCUSSION

**A.      HIPAA**

Plaintiff invokes the HIPAA as the basis for his claim. The Second Circuit has explained, however, that although HIPAA affords individuals certain privacy rights, it does not permit an individual to bring a claim under the HIPAA:

> HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. But the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services. *Id.* § 1320d-5(a)(1). Nor does the statute imply a private cause of action. *See Ziglar v. Abbasi,* [137 S. Ct. 1843, 1855–56] (2017). By delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create a private remedy.

*See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

Because an individual cannot bring suit under the HIPAA, the Court dismisses Plaintiff's HIPAA claims for failure to state a claim on which relief may be granted. The Court also instructs Plaintiff not to include any HIPAA claim if he chooses to file an amended complaint.

**B.      Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff has not plead factual allegations sufficient to put Defendant United States Postal Service (USPS) on notice of what it is alleged to have done or failed to do that violated his rights. Plaintiff does not give any information about what happened that gave rise to his claims. The facts suggest that Plaintiff may at one time have been employed by USPS, but he has not alleged facts suggesting a violation of any federal statute. Moreover, Plaintiff indicates that his claims arose approximately seven or eight years ago, and therefore any claims may be time-barred absent equitable tolling. Finally, the Court also notes that, because Plaintiff is suing a federal agency, he can only pursue a claim for damages if he brings suit under a statute that abrogates, or overrides, the federal government's sovereign immunity.

Because Plaintiff's allegations do not plead facts showing that he is entitled to relief, the Court dismisses Plaintiff's claims under Rule 8.

**C.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.    Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear whether the defects in Plaintiff's complaint can be cured with an amendment, the Court grants Plaintiff 30 days' leave to amend his complaint if he chooses to do so.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

4

include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action dismissing the federal claims for failure to state a claim on which relief may be granted and declining supplemental jurisdiction of the state law claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

If Plaintiff chooses to file an amended complaint, it should be labeled with the docket number 24-CV-2092 (LTS). An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   April 22, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge