UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR ALBERT TILLMAN,

              Plaintiff,

-against-

SOCIAL SERVICES,

              Defendant.

24-CV-2092 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that, in 2016-2017, Defendant United States Postal Service violated his rights under the Health Insurance Portability and Accountability Act (HIPAA). By order dated April 22, 2024, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted but granted him leave to replead. Plaintiff filed an amended complaint on April 29, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

In Plaintiff's original complaint, he alleged that in 2016-2017, he "was in a certain diagnosis or depression which caused a personal outcome."[1] (ECF 1 at 5.) He invoked the HIPAA and sued the United States Postal Service, his former employer, seeking damages.

In Plaintiff's amended complaint, he alleges the following: "I, Trevor Tillman, a citizen of the United States have issues with Social Services." (ECF 5 at 2.) Plaintiff names "Social Services" as the sole Defendant, and he seeks "personal income." (*Id.* at 6.)

The only other allegations in the amended complaint are the following:

> I Trevor A. Tillman, jr. had a case with an employer (USPS). Dealing with how quick I converted into career (shift switched) on top of hours of work I got depressed (illegible). The Service accomodated with a change of shift because it was showing in my work ethics. Montefiore prescribed the wrong things and a domino effect or a adjustment was wrong in the system. I have a psych (mental health) who know a little.

(*Id.* at 5.)

## DISCUSSION

The Court understands Plaintiff's assertion that he "has issues" with "social services" to be a claim under 42 U.S.C. § 1983 against the New York State Department of Social Services (DSS) for a violation of his federal rights.. As an initial matter, the allegations of the amended

---

[1] Unless otherwise noted, all spelling and punctuation in all quoted material is from the original.

complaint are insufficient to state a claim that Defendant DSS is liable for any misconduct. Despite having been granted an opportunity to amend his complaint to clarify his claims, Plaintiff simply does not plead facts explaining his "issues" with Defendant DSS, or how Defendant's actions violated his rights.

Moreover, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Section 1983 does not abrogate Eleventh Amendment immunity. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The New York State DSS is an arm of the State of New York. *See Grant v. Hum. Res. Admin. Food Stamp Dep't*, 17 F. App'x 38, 39 (2d Cir. 2001) (holding that DSS is "immune from suit under the Eleventh amendment for § 1983 claims"). The Eleventh Amendment therefore bars Plaintiff's Section 1983 claims against the New York State DSS from proceeding in federal court, and the Court dismisses these claims. 28 U.S.C. § 1915(e)(2)(B)(iii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's amended complaint gives no indication that the defects can be cured with an amendment, the Court declines to grant Plaintiff a further opportunity to amend to replead.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge